AMERICAN NATIONAL BANK OF FORT SMITH v. DOUGLAS.

Opinion delivered October 30, 1916.

GARNISHMENT—DISMISSAL OF—NOTICE OF APPEAL—RELATION BETWEEN GARNISHEE AND DEFENDANT.—Appellee had a deposit in appellant bank, subject to check. One C brought an action against appellee, and garnished the funds held by appellant. Thereafter the court made an order dismissing the action and releasing the garnishee. *Held*, it was appellant's duty thereafter, upon demand of appellee, to pay over the amount of appellee's deposit, and that it had no right to refuse to do so, because it had been notified by C that it intended appealing from the judgment of the court, such appeal not having been actually taken nor a supersedeas bond filed.

Appeal from Sebastian Circuit Court, Fort Smith District; *Paul Little*, Judge; affirmed.

STATEMENT BY THE COURT.

The United Mine Workers of America, District 21, is a voluntary unincorporated association, composed of many members. The appellees were members of that organization and appellee Douglas was its secretary and treasurer. We will hereafter, for convenience, designate the organization as the district.

On September 1, 1914, the district had on deposit with the American National Bank, of Fort Smith, Arkansas, which, for convenience, we will hereafter designate "Bank," the sum of $8,557.37. These funds were a general deposit and subject to the check of the district through Douglas, its treasurer.

In September, 1914, the Coronado Coal Company sued the district in the United States District Court for damages alleged to be due it on account of certain torts allleged to have been committed by the members of the district. Writs of garnishment and attachment were issued out of the district court and served on the bank on September 2, 1914. On October 20, 1915, the district court sustained a demurrer to the complaint of the coal company and entered a judgment dismissing same.

On October 25, 1915, the United States court entered a judgment dismissing the attachment and the garnishment against the bank and discharging the bank.

On October 27, 1915, the district drew its check on the bank and presented same for the full amount of its deposit, which the bank declined to pay, and the check was protested for nonpayment. On the same day the district instituted suit in the Sebastian Circuit Court for the money. The bank answered, admitting that it had on general deposit the amount of funds claimed by the district, but alleged that said check had not been paid for the reason that the writ of garnishment had been issued by the United States court in a suit pending in that court between the coal company and the district, whereby the bank was ordered

to hold the funds subject to the orders and directions of the United States court, and that the bank had been informed that the Federal court had dismissed the action wherein the writ of garnishment was issued, but that before demand was made upon the bank for the payment of the check, the coal company notified the bank that it had prayed an appeal from the judgment of the Federal Court dismissing the garnishment, and that the appeal would be perfected within the time allowed by law, and that a supersedeas bond would be given in the Federal Court, and that the coal company would hold the bank liable if it paid out the funds in its hands belonging to the district.

The president of the bank testified that the bank had declined to cash the check for the reason that a day or two before it was presented, he had been notified by the attorneys for the coal company in the Federal court that an appeal would be taken immediately in that cause from the judgment of that court, and that a supersedeas bond would be given. The bank was notified that in the event the money was paid out before their appeal could be perfected and before the appellate court could pass upon the judgment dismissing the action of the coal company, that the bank would be held liable by the coal company for the fund. He had not only been notified orally, but the bank had been served with written notice. That on the 28th of October, 1915, the attorneys for the coal company had served the bank with written notice that they were preparing to take an appeal or writ of error from the judgment rendered by the United States District Court, and to supersede the judgment, which appeal, in their opinion, would have the effect to hold the funds in the hands of the bank pending such appeal. He stated that the bank was perfectly willing to pay over the funds to the district, but that its attorney had advised that it would not be safe to do so, and that the bank only wished to protect itself and had no other interest in the funds; that it feared that it might have to pay the same twice.

One of the attorneys for the coal company testified that as soon as he learned that demand had been made on the bank by the district for the payment of the funds which had been garnisheed, he notified the bank that the plaintiffs in the Federal Court case had appealed from the judgment of that court dismissing the suit therein, and' that he later handed to the attorney for the bank a letter to that effect; that he had been instructed by his clients, the plaintiffs in the Federal court case, to perfect the appeal immediately, therein, and that he had notified the bank that the appeal would be perfected at the earliest possible moment and supersedeas bond given for the purpose of tying up and holding the funds garnisheed and attached in the hands of the bank.

A certified copy of the judgment of the Federal court was introduced in evidence, showing that that court, on October 25, 1915, entered a judgment dismissing the writs of garnishment and attachment and discharging the bank from said writs.

The record also shows that "Plaintiffs at the time requested the court to allow a reasonable time in which to present to the appellate court the question of tendering a supersedeas bond so as to hold the attachments and garnishments herein in their present status. This request the court denied, and the plaintiffs at the time excepted to the ruling of the court in discharging the attachments and garnishments, and also in the refusal of the court to allow the above named."

Upon the above facts the court rendered a judgment in favor of the plaintiffs below (appellees here) for the full amount of their claim, and from that judgment this appeal comes.

*Hill, Fitzhugh & Brizzolara,* for appellants.

Upon the dismissal of the complaint and the dissoiution of the attachment, the plaintiff in that proceedlng gave the bank notice that an appeal would be perfected and supersedeas bond given, which was done, within the statutory period, and this action suspended

the dissolution of the attachment.   39 Am. Dec. 609;
Drake on Attachments (7 ed.), section 428; 118 Ark.
497; 107 *Id.* 142; 42 N. W. 298.

The plaintiff's suit was prematurely brought.

*Covington & Grant*, for appellee.

The appeal of the coal company was from an order
dismissing its complaint and not from the order dis-
missing the attachment, which was a separate judgment
and hence the bank was not protected in its refusal to
pay appellee's demand.   K. D. 412-419.   It is too late
not to appeal from the order dissolving the attachment.

WOOD, J., (after stating the facts).   In *Lewis* v.
*Faul*, 29 Ark. 407 this court, speaking of the remedy by
attachment and garnishment, said:   "It is at best an
extraordinary and harsh remedy, in derogation of the
common law, depending upon positive legislation for
its existence, and he who invokes it must follow the
law at least in substance."

And in *Giles* v. *Hicks*, 45 Ark. 271, 276, we said:
"Garnishment is a purely statutory proceeding which
can not be pushed beyond the authority of the statute."

Our attention has not been directed to any stat-
ute, and we know of none, that authorizes the garnishee
to hold funds in his hands belonging to the defendant in
the action after judgment had been rendered dismissing
the cause of action against the defendant and dis-
charging the writ of garnishment.   The effect of a
judgment dismissing the cause of action against the
defendant and discharging the writ of garnishment
was to place the garnishee bank and the defendant
district in the same relation that they sustained to
each other before the writ of garnishment was served
upon the bank.   The bank, according to the undisputed
proof, before the writ of garnishment was served, held
the funds of the district as a general deposit, subject to
the check of the district.   Inasmuch, therefore, as it
appears that no appeal had actually been taken from
the judgment of the district court dismissing the writ

of garnishment at the time the check of the district was presented to the bank for payment, the bank had no right to refuse such payment.

Of course, if an appeal had been actually taken from the judgment dismissing the writ of garnishment, or if a supersedeas bond had been given, then the bank would have been justified in refusing to cash the check, under the doctrine announced by this court in *Harrison* v. *Trader*, 29 Ark. 85. In that case, speaking of a lien by attachment, this court, quoting from Mr. Drake, on Attachments, said: "The dissolution of an attachment necessarily discharges from its lien the effects or credits on which it may have been executed, whether reduced to possession by the officer, or subjected in the hands of garnishees. When dissolved, the defendant is entitled to a return of the property on demand, unless the judgment of dissolution be suspended by writ of error or appeal. This, it is said, takes away the defendant's right to demand the property, and the officer, if he have notice of the writ of error or appeal, would not be justified in returning the property."

And, further: "Our statute extends only to supersedeas of executions, all other features of the court's action are suspended by an appeal or writ of error; and if the cause is reversed, the rights of parties stand as though no action had ever taken place in the inferior court."

But the facts disclosed by this record are that at the time the district made demand on the bank for the payment of its check, there was no appeal actually pending from the judgment dismissing the writ of garnishment; neither had there been any supersedeas bond filed, or any order of the district court suspending or superseding the effect of the judgment dismissing the writs of attachment and garnishment. On the contrary, the record here shows that the district court in which the judgment was rendered expressly refused to grant the plaintiffs in the action time in which to present a supersedeas bond. True, the testimony showed that at the time the district presented its check to the

bank, the latter had been notified that an appeal would be taken immediately from the judgment dismissing the writ of garnishment, and that same would be perfected and a supersedeas bond given for the purpose of holding the funds in *statu quo*. But this testimony only shows that an appeal had not in fact been taken, but was only contemplated, and that no supersedeas bond had been filed, and that, in fact, no order of the district court had been made suspending or superseding the judgment dismissing the writs of attachment and garnishment.

It thus appears that at the time the district presented its check to the bank for payment, the bank occupied precisely the same relation to the district as it did before the writs were served.

In the absence of a statute prescribing that where a judgment had been entered dismissing a writ of garnishment and discharging the garnishee that the garnishee may retain possession of the property of the defendant during the time allowed for an appeal, or until a reasonable time within that period has elapsed for the perfecting of the appeal or filing a supersedeas bond, the garnishee would have no authority under the law, and therefore no right, to deprive the defendant of the possession of his property.

In *Sherrod, Clerk,* v. *Davis, Sheriff,* 17 Ala. 312, it is said: "But after the judgment of the court is final and complete in favor of the defendant, unless it is superseded by writ of error or appeal, the right of the defendant to have the property restored to him is unquestionable, and it is therefore the duty of the sheriff on demand to deliver it to him." See, also, 6 C. J., section 1091, note 83, and other cases there cited.

The necessary consequence of the judgment in favor of the district dismissing the cause of action against it and discharging the bank from the writs of attachment and garnishment was to restore to the district the right to check out the funds deposited by it with the bank, and it follows from what we have said that simple notice to the bank that an appeal would

be immediately prosecuted and supersedeas bond filed would not justify the bank in refusing to pay over the money to the district. The judgment of the circuit court so holding is therefore correct, and it is affirmed.