HOT SPRINGS CONCRETE COMPANY *v.* ROSAMOND.

Opinion delivered December 23, 1929.

*E. R. Parham,* for appellant.

*C. T. Cotham,* for appellees.

SMITH, J. This is the second appeal in this case (*Hot Springs Concrete Co.* v. *Rosamond,* 178 Ark. 194, 10 S. W. (2d) 12), and, as appears from the opinion on the former appeal, the suit was brought by appellant to recover the alleged value of certain material used by T. A. and Taylor Rosamond in construction work which they were under contract to perform, incident to which they had executed two surety bonds. The sureties on these bonds were also made defendants, and the chancellor held that, inasmuch as the United States Government was a party to the construction contract, and as the bonds had been required and given under the provisions of § 6923 *et seq.* U. S. Comp. Statutes 1916, and since no suit could be maintained against the sureties on such a bond except in the District Court of the United States, his court was without jurisdiction to try the case, and the cause of action was dismissed on that account. At the institution of the suit, writs of garnishment were issued and served on certain garnishees.

We held on the appeal that, while the court was correct in holding that it had no jurisdiction to try the question of the liability of the sureties on the bond, it did have jurisdiction to try the question of the liability of the contractors themselves, without reference to the bond, and that of the garnishees, and we held that "the court should have dismissed as to the sureties and pro-

ceeded to trial as to the defendants, T. A. Rosamond and Taylor Rosamond," and for that error the decree was reversed, and the cause remanded, "with directions to dismiss as to the sureties on the bond and to proceed with the trial of the case against the defendants and garnishees."

Upon the remand of the cause, judgment was rendered against the contractors for $266.41, and, as it appeared that a bond had been executed to release the funds impounded by the garnishments, upon which bond the Community Bank & Trust Company was surety, judgment was also rendered against it for the same amount, as the garnishees had in their hands at the time of the service of the writs of garnishment a larger sum than the judgment recovered. The bond to discharge the garnishments was executed pursuant to the authority so to do conferred by act 177 of the Acts of 1925 (Acts of 1925, p. 538).

This suit was brought, as is recited in the former opinion, for the sum of $1,002.59, and, as the judgment was for a much smaller amount, the plaintiff has appealed, and the bank and the Rosamonds have also appealed.

The former appeal was not prayed before or granted by the trial court, but was granted by the clerk of this court, and it appears that, when process issued out of this court to perfect the appeal, no process issued against the garnishees, and no service was had upon them. It further appears that, when the bank signed the bond which released the money impounded by the garnishments (and no question is raised as to its authority so to do), the bank required the Rosamonds to deposit $1,080 with it for its indemnification, but, when the case was dismissed, the bank was advised of that fact, and it permitted the Rosamonds to withdraw the deposit which had been required for its protection. No supersedeas bond was ever given.

Appellants insist that, notwithstanding the facts just stated, the opinion on the former appeal adjudicated

the contingent liability of the garnishees, and that nothing remained except to determine the extent of this liability on the remand of the cause, and that such is the necessary effect of the directions of the court set out above.

We do not agree that such was the purpose or effect of our order. We merely decided that a cause of action had been stated as to all parties except the sureties on the construction bond, as to which the Federal District Court had exclusive jurisdiction. No brief was filed on behalf of the defendants, who were served with the process issued out of this court directed to the Rosamonds and the surety companies, and, as we have said, no process was issued against the garnishees, and the officials of the bank who had the matter in charge testified that they had no knowledge that any attempt would be made, after the dismissal of the cause in the lower court, to enforce a liability against the bank, until long after they had paid over the money which they required the Rosamonds to deposit by way of indemnity, and the fact was not called to our attention that there was no supersedeas bond.

It appears that the chancery court had dismissed the suit and discharged the garnishments, and upon the authority of this judgment the impounded money was paid over, and that judgment was never at any time superseded.

There was no authority on the part of the garnishees to continue to hold the money to which the Rosamonds were otherwise entitled, or to deprive them of the use of it pending the final disposition of an unsuperseded judgment.

In the case of *American Nat. Bank of Ft. Smith* v. *Douglas,* 126 Ark. 7, 189 S. W. 161, L. R. A. 1917B, 588, it was said: "In the absence of a statute prescribing that, where a judgment had been entered dismissing a writ of garnishment and discharging the garnishee, the garnishee may retain possession of the property of the defendant during the time allowed for appeal, or until a

reasonable time within that period has elapsed for the perfecting of the appeal or filing a supersedeas bond, the garnishee would have no authority under the law, and therefore no right, to deprive the defendant of the possession of his property."

The act of 1925, *supra,* is not such a statute. It does provide that, after a garnishment has been discharged by the execution of a bond for that purpose, "upon judgment being rendered against the defendant, summary judgment may be rendered against the sureties in such bond." This statute has no application here, because the judgment was not rendered against the defendants, but was in their favor, and, as it was not superseded, the garnishments were discharged, and, as the garnishees were discharged, their surety was also.

The judgment against the bank as surety on the bond will therefore be reversed, and that portion of the suit dismissed.

There remains only the question of fact as to the amount due the plaintiff, and much conflicting testimony was offered upon this issue. Appellant insists that the preponderance of the testimony shows that a larger judgment should have been rendered; while the Rosamonds insist, upon their cross-appeal, that they were not allowed all the credits to which they were entitled, and that the judgment is excessive.

We have considered this testimony, but we shall not review it in this opinion, as no useful purpose would be served in so doing. The plaintiff's case was made by the testimony of a single witness as to the amount, kind and value of the material furnished; while opposed thereto was the testimony of the two Rosamonds, who denied that they purchased certain of the items, and insist that they paid for others either in money or by work performed for the plaintiff. A credit of $225 was claimed for drilling a well, which was done under a contract which did not fix the price to be paid, and the testimony is as conflicting as to this item as it is in regard to the others, and we are unable to say that the chan-

cellor's finding is contrary to the preponderance of the evidence on any of these items except as to a check for $108.57. As to this last item we think the chancellor's finding is against the preponderance of the evidence, and that this credit should not have been allowed.

Plaintiff admits that this check was received, but insists that it was given in payment of material furnished upon another contract not involved in this litigation; and we think that contention should be sustained, for the reason that at the time it was issued there was due the plaintiff on account of the contracts out of which this litigation arose only the sum of $12.13, and, according to defendant's books and accounts, nothing was then due, and no one claims that any loan was ever made or material paid for in advance.

The judgment in appellant's favor will therefore be increased by the amount of this check, to-wit, $108.57, and, as thus modified, it will be affirmed as to the Rosamonds.