## HENDRIE v. HENDRIE.

### No. 8546.

Circuit Court of Appeals, Fifth Circuit.

Feb. 4, 1938.

Alvan B. Rowe, of Palmetto, Fla., and Henry L. Williford and James E. Kirk, both of Sarasota, Fla., for appellant.

Frank Redd, of Sarasota, Fla., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a decree denying relief and dismissing the bill in appellant's

suit to cancel a deed to his summer home in Florida and a note secured by a mortgage on his home in Connecticut, which deed, note, and mortgage were given to appellee, the wife of appellant, immediately after their marriage, when he was seventy-eight and she twenty-six years of age.

For about two years prior to their marriage, appellant had sought her hand in matrimony, promising at various times to convey to her sufficient property to make her comfortable for life, and to provide her with a home to be her individual property. In November, 1931, the marriage was celebrated, after which appellant gave the note and mortgage in question, and the couple went to the home in Florida. Thereupon, by deed reciting the payment of $10 and other valuable considerations, the Florida property was conveyed to the wife. There is no showing of any importunity or undue influence on the part of appellee. The parties lived together a little more than two years, after which they became estranged, and this controversy arose between them about three and a half years after the marriage.

The foregoing facts are undisputed. There was conflicting evidence upon the issues as to whether appellee had denied appellant the right or opportunity to consummate the marital relation, whether she had been guilty of adultery, and upon various other issues that arose during the trial; but the view we take of the matter does not require a determination of these issues or a consideration of the evidence. Appellant's contention, that appellee had practiced fraud and deception upon him prior to and immediately after the marriage, and that she had conspired with another to defraud him, was resolved against him on the trial and is not supported by the evidence.

Appellee contends that, in addition to love and affection, appellant entered into an antenuptial contract with her which was valid in all respects, or, if invalid for any reason, that the moral obligation imposed thereby was a sufficient consideration to support the deed and note. We think the evidence does not support the claim of an antenuptial settlement. Such a contract could have arisen only upon the assent to the marriage by appellee in acceptance of an offer by appellant to execute the instruments in question. It does not appear that any offer was made, as to any specific property, with sufficient certainty to bind appellant, or that he ever did more than offer to bind himself to convey. Neither does it appear that, in agreeing to matrimony, appellee did so in such a way as to make her acquiescence an acceptance of any offer appellant might have made, other than of marriage. Walker v. Walker, 175 Mass. 349, 56 N.E. 601; Lamb v. Lamb, 18 App.Div. 250, 46 N.Y.S. 219; Chambers v. Sallie, 29 Ark. 407.

Appellant testified that he had a great love for his wife, and that this love and affection was the real consideration for the execution and delivery to her of the deed, note, and mortgage aforesaid.

The conveyance of the Florida home was fully executed upon a valid consideration of love and affection, and is binding upon appellant in a court of equity. Waterman v. Higgins, 28 Fla. 660, 10 So. 97. However, in passing upon the validity of the note and mortgage, the District Court overlooked the principle that one does not legally bind himself by a gratuitous promise to make a gift in futuro, and that love and affection is not a sufficient consideration to support such a promise. Thus the note here involved was no more than appellant's promise to give appellee $25,000 at a future date, on the consideration of his love and affection for her. As between the parties, the note is unenforceable, and, since there can be no lien without a debt, the mortgage falls with it. Richardson v. Richardson, 148 Ill. 563, 36 N.E. 608, 26 L.R.A. 305; Pearson v. Pearson, 7 Johns., N.Y., 26; Smith v. Smith's Adm'r, 30 N.J.Eq. 564; Starr v. Starr, 9 Ohio St. 74; McKinney v. Rhinehart, 102 W.Va. 531, 135 S.E. 654, 49 A.L.R. 680, 682.

For the reasons given, the decree of the District Court is affirmed as to the property in Florida and reversed as to the note and mortgage on the property in Connecticut; and the case is remanded, with directions to the District Court to enter a decree cancelling the note and mortgage aforesaid.