SEQUOYAH FEED & SUPPLY Co., INC. *v.* FIRST NATIONAL BANK OF HUNTSVILLE.

5-390                                    267 S. W. 2d 310

Opinion delivered April 26, 1954.

*Greenhaw & Greenhaw* and *Pearson & Pearson,* for appellant.

*E. M. Fowler, Suzanne C. Lighton* and *Lee Seamster,* for appellee.

MINOR W. MILLWEE, Justice. Appellee, First National Bank of Huntsville, Arkansas, herinafter called "Bank," was the garnishee in two separate writs issued in litigation in the Madison Circuit Court involving numerous parties and issues. One of the garnishments was issued at the instance of appellant, Sequoyah Feed and Supply Company, Inc., hereinafter called "Sequo-

yah,'' and the other was issued in favor of Norris Counts, an intervenor in the action. Both garnishments were for the amount of $1,890.21 which the Bank held to the credit of Cotton Produce Company, a partnership composed of J. A. Robinson, V. A. Ashworth and Tommy Weir, hereinafter called ''Cotton'' and a defendant and cross-complainant in the action. The present appeal is from the circuit court's judgment holding that the Bank acted lawfully in paying the garnished funds to the Sheriff of Madison County under an execution issued pursuant to a judgment rendered in the action in favor of Intervenor Counts against Cotton.

A brief history of the litigation is necessary to an understanding of the present issue. Sequoyah brought the original action against Cotton on an open account on April 24, 1951, and a writ of garnishment was issued and served on the Bank on the same day. Cotton answered and filed a cross-complaint against Sequoyah for damages in the sum of $25,000.00. On May 5, 1951, Norris Counts filed an intervention in the action seeking judgment against Sequoyah and Cotton and on the same date had a garnishment issued and served on the Bank covering the Cotton account. Counts also alleged there was collusion between Cotton and Sequoyah in the issuance of the first garnishment. Sequoyah answered the Counts intervention denying collusion and generally denying other allegations. Other parties and issues were involved in the action which it is unnecessary to mention here.

On March 10, 1952, proceedings were begun which resulted in a judgment, reading in part, as follows:

''*Comes on this the 10th day of March, 1952,* for trial, the above styled cause, the plaintiff, Sequoyah Feed and Supply Co., Inc., appearing by its attorneys Greenhaw and Greenhaw, and Pearson and Pearson, the defendants, J. A. Robinson and V. A. Ashworth appearing in person and by their attorneys Jeff Duty, Rex Perkins, and Price Dickson; the defendant Tommy Weir being in default and not appearing, the Cross Defendant Pillsbury Mills, Inc., appearing by its attorneys Greenhaw and

Greenhaw, and Pearson and Pearson; and all parties and their respective attorneys announcing ready for trial, it was thereupon stipulated and so ordered by the court that said cause would be tried on the complaint of the plaintiff and the answer and cross-complaint of the defendants J. A. Robinson, and V. A. Ashworth, *and that the interventions filed herein and the garnishment proceedings herein would be passed for hearing at a later date.* . . .

"*Thereupon, on 11th day of March, 1952,* at the conclusion of all evidence and all parties having rested and closed, the court upon the motion of the defendant J. A. Robinson, then and there directed the jury to return a verdict for the defendant J. A. Robinson in the sum of $4,433.87 for commissions due the said J. A. Robinson by Pillsbury Mills, Inc. . . .

"It is therefore the order and judgment of this court, that judgment be, and the same is hereby rendered, in favor of the plaintiff Sequoyah Feed and Supply Co., Inc., and against the defendants V. A. Ashworth, J. A. Robinson, and Tommy Weir, individually and as partners doing business as Cotton's Produce Co., in the sum of $5,062.24.

"It is also the order and judgment of this court, that judgment be, and the same is hereby rendered in favor of V. A. Ashworth and J. A. Robinson, and against Sequoyah Feed and Supply Co., Inc., in the amount of $6,336.00.

"It is the further order and judgment of this court that judgment be, and the same is hereby rendered in favor of J. A. Robinson and against Pillsbury Mills, Inc., in the sum of $4,433.87.

"*It is the further order and judgment of this court that the garnishment issued by the plaintiff, Sequoyah Feed and Supply Co., Inc., whereby the sum of $1,890.21 on deposit at the First National Bank, Huntsville, Arkansas, was impounded be, and the same is, hereby released, conditioned however that said funds shall not be paid by*

*said bank to any of the parties herein or that said funds shall be released until further order of this court.*"[1]

On March 11, 1952, proceedings were had on the Counts' intervention resulting in the following judgment:

"Now on this 11th day of March, 1952, this cause comes on to be heard the above styled action, and the Intervenor appearing in person and by his attorney, Clifton Wade, and the defendants, J. A. Robinson, V. A. Ashworth, and Tommy Weir, d/b/a Cotton Produce Company, appearing in person and by their attorneys, Rex Perkins, Price Dickson, and Jeff Duty; thereupon the said Intervenor, Norris Counts, demanded a trial, and the cause was submitted to the Court upon the Complaint filed herein by the Intervenor, with exhibits attached thereto, including the check herein sued upon, the Writ of garnishment and Allegations and Interrogatories and Summons issued herein against the defendant and garnishees, and the returns thereof, showing proper service for the time and in the manner required by law, the parties waiving a trial by jury and consenting and agreeing in open court that the cause might be submitted to the Court and judgment rendered herein, and from the evidence introduced by said Intervenor and other matters, proof, and things before the Court, the Court finds:

"That the defendants herein have failed to plead, and though present in open court, make no defense to complaint of intervenor;

"That defendants, V. A. Ashworth, J. A. Robinson, (one and the same person as James A. Robinson), and Tommy Weir, d/b/a Cotton's Produce, a partnership, are indebted to plaintiff, Norris Counts, in the amount of $2,166.64, on account of check dated April 17, 1951 drawn on First National Bank of Huntsville, Arkansas, payable to Intervenor, which check, though presented in due course, was returned unpaid;

"That said principal amount is due and unpaid to Intervenor, together with protest charges in the amount

---

[1] All italics supplied.

of $2.50 for all of which the said Intervenor should have judgment.

"That a Writ of Garnishment was issued by the Circuit Clerk of Madison County, Arkansas, on the 21st day of May, 1951, and that said writ was thereupon on said day duly served by the Sheriff of Madison County upon said bank in the form and manner provided by law, that more than six (6) months has elapsed since said service, but that no answer or response thereto has been filed by said bank as provided by law, and that Norris Counts, as Intervenor should have judgment against the First National Bank of Huntsville, Arkansas, the garnishee herein, in the amount of $2,169.14.

"It Is Therefore, by the Court, Ordered, Considered, and Adjudged, that Norris Counts, Intervenor herein do have and recover judgment from the defendants, V. A. Ashworth, J. A. Robinson, and Tommy Weir, d/b/a Cotton's Produce Company, both jointly and severally, as partners, and the First National Bank of Huntsville, Arkansas, in the amount of $2,169.14, together with interest from this date until paid at the rate of six (6) per cent per annum, and the costs herein laid out, paid and expended, for which execution may issue."

On March 20, 1952, Sequoyah filed a motion for new trial in its appeal from the first judgment above mentioned and one of the alleged errors was the action of the court in releasing the impounded funds held by the Bank from the Sequoyah garnishment. The motion was overruled March 25, 1952, and on March 28th Sequoyah filed bond to supersede the Cotton judgment. There was no mention of the garnishment or the bank in either the bond or the supersedeas issued by the clerk. On September 8, 1952, Sequoyah prayed and was granted an appeal out of this court from the first judgment and had a summons issued and served on Cotton. The Bank was not made a party to the appeal and no summons was issued for or served on it.

There was no appeal from the judgment in favor of Counts against Cotton and the Bank rendered on March

11, 1952. On March 22, 1952, an execution was issued by the clerk pursuant to said judgment and levied against the Bank by the sheriff of Madison County. Acting on the advice of counsel, the Bank paid the garnished funds of $1,890.21 to the sheriff in satisfaction of said execution on the same date.

On February 23, 1953, we decided the appeal taken by Sequoyah from the judgment of Cotton against it in *Sequoyah Feed and Supply Company, Inc.* v. *Robinson,* 221 Ark. 660, 255 S. W. 2d 425. In reversing the judgment, we said: "The trial Court ordered that certain funds that had been garnished in the hands of the Bank, would be held until further orders. There were several interventions in the case which, as previously mentioned, were left for further consideration. As between Sequoyah and Cotton, the garnishment of the Bank was good; but we forego any discussion of the garnishment because there may be some rights of the intervenors yet to be adjudicated."

On March 19, 1953, Sequoyah filed the mandate of this court in the circuit court and on the same date filed a motion for judgment against the Bank in the sum of $1,890.21. In its response the Bank denied liability on the grounds: (1) that it had already paid the garnished funds to the sheriff for Counts' benefit under the execution issued and levied pursuant to the unappealed judgment for Counts against Cotton; (2) that the order releasing the Sequoyah garnishment was never appealed from; (3) that when the Bank paid the funds out under the execution, no appeal had been taken; (4) and that when the appeal was taken from the Cotton Sequoyah judgment on September 8, 1952, the Bank was not made a party nor notified of said appeal. Sequoyah filed a motion to strike the response. After a hearing, the trial court denied Sequoyah's motion for judgment, holding that the Bank lawfully paid the garnished funds on the execution issued pursuant to the garnishment and judgment in favor of Counts.

In seeking a reversal Sequoyah argues that it was unnecessary to make the Bank a party appellee or notify it on the first appeal; that the Counts judgment and execution issued thereon against the Bank were void; and that the Bank failed to use due diligence to protect its interest either by pleading the Sequoyah garnishment in answer to the Counts' garnishment, or by appealing from the Counts' judgment, or by paying the garnished funds into court. In support of the trial court's judgment, the Bank insists that it was unaffected by the Sequoyah-Cotton appeal because it was never made a party thereto; and that it in good faith performed its duty as garnishee by paying over the garnished funds in obedience to the execution issued pursuant to the Counts' judgment and garnishment. In connection with these contentions, Sequoyah insists that the Counts' judgment was rendered prior to the Sequoyah judgment while the Bank contends that the Counts' judgment was rendered the day after the Sequoyah judgment. Oral testimony adduced on this issue adds little to the record recitals which show the Sequoyah judgment entered first followed immediately by the Counts' judgment. The judgment record indicates quite clearly that the first paragraph of the Sequoyah judgment which passed the interventions and garnishment proceedings for a later hearing was made and rendered on March 10, 1952, while that part of said judgment which ordered the release of the impounded funds from the Sequoyah garnishment on certain conditions was rendered March 11, 1952, the same date on which the Counts' judgment was rendered. So, strictly speaking, the Counts' intervention and both garnishment proceedings were in fact heard "at a later date" as directed by the court in the Sequoyah judgment.

In support of its contentions, the Bank relies on the cases of *American Nat. Bank of Ft. Smith* v. *Douglas,* 126 Ark. 7, 189 S. W. 161, and *Hot Springs Concrete Co.* v. *Rosamond,* 180 Ark. 690, 22 S. W. 2d 368. Sequoyah relies on *Citizens Bank* v. *Commercial National Bank,* 107 Ark. 142, 155 S. W. 102; *Hughes-Speith Pipe Line Company* v. *McWilliams Hdwe. and Furniture Co.,* 172

Ark. 79, 287 S. W. 580; and cases from other jurisdictions on the general proposition that a garnishee has a duty to perform to protect its interests as well as the interests of others. In none of these cases is a factual situation presented parallel to that in the instant case. We have considered the principles of these cases along with the general rule that, where funds of the principal debtor in the hands of the garnishee are taken from him by legal process after service of the writ, he is not chargeable in garnishment proceedings therefor. See: 38 C. J. S., Garnishment, § 186e; 5 Am. Jur., Attachment and Garnishment, § 678.

All parties to this involved litigation apparently had full knowledge of all the proceedings had on March 10 and 11, 1952, which culminated in the two judgments. A representative of the Bank appeared in the Sequoyah-Cotton proceedings and admitted that the Bank held certain funds to Cotton's credit. Sequoyah was a party to the Counts' intervention in which the validity of the two garnishments was put in issue and answered said intervention. Under the Sequoyah-Cotton judgment the Sequoyah garnishment was ordered released on conditions that were couched in ambiguous language. The Counts' judgment ordered that execution issue on the judgment against the Bank as garnishee. Ten days after these proceedings the Bank was served with the execution by the sheriff of Madison County. It is true that the writ of execution was not an "order of court" in the strict sense but it did constitute "legal process" issued on the court's order in the Counts' judgment, which the Bank, with some justification, construed as a "further order" of the court. Subsequent to these proceedings there was no appeal from the Counts' judgment and the Bank was not made a party to nor given notice of the Sequoyah appeal or the supersedeas issued thereunder which only superseded the judgment in favor of Cotton and did not mention the Bank. We concur in the trial court's conclusion that it would work an injustice to require the Bank to twice pay over the garnished funds

584

under all the circumstances, and the judgment is affirmed.