RICARDO LA COSTA, HIJO, peticionario, *v.* TRIBUNAL DEL DISTRITO JUDICIAL DE SAN JUAN, HON. EMILIO S. BELAVAL, JUEZ, demandado; CLUB DE AJEDREZ DE SAN JUAN, ET AL., interventores.

Núm. 1688.—*Sometido:* Abril 1, 1947.  *Resuelto:* Abril 9, 1947.

*Luis E. Dubón* y *Otero Suro & Otero Suro,* abogados del peticionario; *F. Prieto Azúar,* abogado de los interventores, demandados en el pleito principal.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Ricardo La Costa, hijo, entabló ante la corte municipal un recurso de desahucio contra el Club de Ajedrez de San Juan para obtener la posesión de una parte del edificio que el Club ha venido ocupando como su inquilino a base de un arrendamiento de mes a mes. El demandado apeló para ante la corte de distrito de una sentencia a favor del demandante. La corte de distrito resolvió que bajo la Ley número 464, Leyes de Puerto Rico, 1946 ((1) pág. 1327), el demandado no podía ser lanzado. Expedimos el auto de *certiorari* para determinar si la Ley número 464 era aplicable al caso de autos.

Las partes estipularon ante la corte de distrito que el demandado utilizaba la propiedad para sus actividades "sociales y culturales", y no la utilizaba con propósitos mercantiles, industriales o comerciales, para oficinas profesionales,

o para clínica. La estipulación también disponía que el Club mantenía su "residencia o domicilio" en la propiedad en cuestión; que despachaba todos sus asuntos allí; que periódicamente se celebraban allí partidos de ajedrez; que allí había un escritorio, algunas sillas, un archivo, una maquinilla para la correspondencia y papelería; que el Club tiene aproximadamente cuarenta socios en su matrícula, los cuales pagan una cuota mensual de $2 con la cual, además de los ingresos recibidos por concepto de las exhibiciones de ajedrez, se sostiene el Club; que se escriben allí sueltos para la prensa en relación con los partidos de ajedrez; que está abierto diariamente; que su Junta de Directores se reúne allí; que ha mantenido siempre una cuenta bancaria y un apartado de correos; y que una gran parte de los gastos de viaje del campeón de ajedrez de Puerto Rico cuando sostiene partidos fuera de la isla son pagados por el Club.

El artículo 12 de la Ley número 464 prohibe el lanzamiento de inquilinos que pagan el alquiler de edificios "que se usen para negocios, oficinas profesionales o propósitos comerciales o industriales." El artículo 4 expresa que la Ley será aplicable a edificios dedicados a "negocios . . . y propósitos comerciales e industriales." El artículo 22 define "Propiedad de alquiler" como un edificio utilizado "para negocios, oficinas profesionales, o propósitos comerciales o industriales." Y el artículo 22 además especifica que "Edificaciones que se usen para negocios" incluyen edificaciones que se usen para clínicas, hospitales privados y consultorios.

La corte inferior fué de opinión que un "negocio" puede ser explotado lo mismo sobre una base pecuniaria como no pecuniaria, y que en su consecuencia la Ley es aplicable a una asociación no pecuniaria siempre y cuando que esté dedicada a "negocio". Suponemos, sin resolverlo, que podríamos estar de acuerdo con la corte de distrito en este punto. Pero no vemos cómo podemos decir que el Club de Ajedrez está dedicado a un "negocio" cuando sus activida-

des son exclusivamente sociales o culturales dirigidas a fomentar el ajedrez entre sus miembros y la comunidad.

La Legislatura no dispuso, como arguye el demandado, que la Ley fuera aplicable a todo edificio usado para propósitos que no fueran de vivienda. Por el contrario, estableció como requisito el que se usara para "negocios". Fué cuidadosa al incluir los hospitales al definir "negocio". Pero nunca incluyó organizaciones sociales o culturales dentro de la palabra "negocios" y por tanto dentro de las disposiciones de la Ley número 464. Tal vez esos inquilinos deban tener la misma protección que la Ley 464 extiende a los otros. Pero no podemos negarnos a seguir el claro lenguaje del estatuto. El remedio, de ser alguno necesario, descansa en las manos de la Legislatura.(¹)

*La sentencia de la corte de distrito será anulada y el caso devuelto para ulteriores procedimientos no inconsistentes con esta opinión.*

---

(¹)Dictamos una resolución concediendo al Administrador insular el derecho a radicar, si lo creía conveniente, un alegato en este caso, pero dicho alegato nunca fué radicado.