CENTRO DE DEPENDIENTES DE PONCE, INC., demandante y apelante, *v.* ELEUTERIO MONTALVO, demandado y apelado.

Núm. 10195.—*Sometido:* Diciembre 1, 1950.   *Resuelto:* Abril 11, 1951.

*Fernando Zapater,* abogado del apelante; *R. Hernández Matos,* abogado del apelado.

El Juez Presidente Señor De Jesús emitió la opinión del tribunal.

La demandante es una asociación con fines no pecuniarios organizada bajo las leyes de Puerto Rico. Su objeto, según sus cláusulas de incorporación, es fomentar la cultura, esparcimiento y bienestar general de sus asociados. Por varios años y hasta el 8 de noviembre de 1948, la demandante tuvo su domicilio social en la segunda planta de un edificio que posee el demandado en la ciudad de Ponce. Mientras este edificio pertenecía a su anterior dueña, Luisa Schuck Vda. de Bonnín, el local que ocupó luego la demandante fué inscrito en la Oficina de Administración de Precios como dedicado a fines comerciales, fijándose un canon máximo de $70 mensuales. Para aquella fecha el local estaba ocupado por el Centro de Dependientes de Ponce, antecesor de la demandante.[1] Cuando el demandado compró el edificio en 1944 ésa era la renta que producía el local en cuestión, pero en julio de 1946 el demandado solicitó y obtuvo de la Administración de Precios un permiso para aumentar en 50 por ciento el alquiler máximo y con tal motivo subió éste a $105 mensuales. Ello no obstante, el demandado posteriormente, sin intervención de la Oficina de Administración de Precios, aumentó el alquiler a $175, más tarde a $225 y luego lo bajó a $200 mensuales. Cuando la demandante desocupó el local en cuestión el 8 de noviembre de 1948, quedó debiendo al demandado las mensualidades de septiembre y octubre y los primeros 8 días del mes de noviembre, montando las rentas atrasadas a la cantidad de $453.30.

Luego de desocupado el local, invocando la sección 8 (d) de la Ley de Alquileres Razonables, según fué enmendada por la Ley núm. 421 de 14 de mayo de 1947 ( (1) pág. 851), la demandante instó este pleito en reclamación de la cantidad de $15,810, equivalente al triple de lo que alega la demandante fué cobrado por el demandado a ella y a su

---

[1] El 28 de febrero de 1947 asumió la demandante todos los derechos y obligaciones de la Asoc. Centro Dependientes de Ponce.

antecesora, Centro de Dependientes de Ponce, en exceso del alquiler máximo fijado por la Oficina de Administración de Precios. Contestó el demandado alegando la inaplicabilidad de la citada ley por no tratarse de un local dedicado a fines pecuniarios o de negocios sino al domicilio de un centro social y cultural; y contrademandó por la suma de $453.30, que la demandante le adeudaba por el concepto ya indicado.

No existe controversia en cuanto a los hechos, los cuales fueron estipulados por las partes. A base de dicha estipulación y de otros documentos complementarios que se acompañaron a la misma por convenio de las partes, la corte inferior desestimó la demanda por no estar comprendida la supuesta causa de acción dentro del ámbito de la Ley de Alquileres Razonables y declaró con lugar la contrademanda condenando a la demandante al pago de $453.30 y sus intereses legales desde la fecha en que vencieron los respectivos cánones no pagados, más las costas, sin incluir honorarios de abogado.

■ En verdad, no concebimos cómo ante los claros preceptos de la Ley de Alquileres Razonables y lo dicho por este Tribunal en el caso de *La Costa* v. *Tribunal de Distrito*, 67 D.P.R. 171, hubiera podido la corte a quo dictar una sentencia distinta de la que motiva el presente recurso.

Se trataba de un local ocupado como hemos visto por un inquilino que lo dedicaba exclusivamente a fines sociales y culturales y aunque en el mismo había una máquina vellonera para funcionar la cual era necesario que se le echara una moneda, el propósito de dicha máquina era distraer con su música a los socios de la demandante, constituyendo parte del *comfort* y medios de distracción que el Centro de Dependientes ofrecía a sus socios y no un negocio lucrativo. En tales circunstancias es de aplicación lo dicho en el caso de *La Costa* v. *Tribunal de Distrito*, supra, en el cual se trataba de un local ocupado por un club de ajedrez, a saber:

"La Legislatura no dispuso, como arguye el demandado, que la Ley fuera aplicable a todo edificio usado para propósitos que

no fueran de vivienda. Por el contrario, estableció como requisito el que se usara para 'negocios'. Fué cuidadosa al incluir los hospitales al definir 'negocio'. Pero nunca incluyó organizaciones sociales o culturales dentro de la palabra 'negocios' y por tanto dentro de las disposiciones de la Ley número 464. . . . . . . . ."

■■■ Arguye la demandante que el demandado está impedido de alegar ahora que se trata de un local no dedicado a negocios por el hecho de haber solicitado un permiso para aumentar el canon, actuando entonces como si el local estuviera dedicado a negocios. Esa proposición es insostenible. No toda conducta o actuación inconsistente con los actos anteriores, da lugar a la aplicación de la doctrina de *estoppel*, la cual sólo se aplica cuando confiando una parte en la verdad de los actos o manifestaciones de otra, es inducida a actuar en forma tal, que de no aplicarse la doctrina, sufriría perjuicios. *Serra, Garabís & Co., Inc.* v. *Municipio*, 42 D.P.R. 468. Esa circunstancia no concurre en el presente caso. El demandado cuando descubrió el error que había cometido al recurrir a la Oficina de Administración de Precios para aumentar el alquiler, hizo caso omiso de dicha agencia gubernativa y aumentó el canon por su cuenta en repetidas ocasiones con la aquiescencia de la demandante, quien lo pagó puntualmente con excepción de las rentas correspondientes a los meses de septiembre, octubre y los primeros 8 días de noviembre de 1948.

■■ Tampoco puede sostenerse, como pretende la demandante, que el demandado venga obligado por lo menos a pagarle la cantidad de $5,270, fundándose en que los aumentos fueron pagados por coacción, consistente en amenazas de desahucio. En la hipótesis de que bajo circunstancias extraordinarias pueda constituir coacción la amenaza de instituir un pleito de desahucio, esa amenaza no resulta de la estipulación de hechos ni de los documentos complementarios que a la misma se acompañaron. Por el contrario, todo parece indicar que los pagos fueron hechos voluntariamente.

*Procede la confirmación de la sentencia.*