HOT SPRINGS CONCRETE COMPANY *v.* ROSAMOND.

Opinion delivered October 29, 1928.

*E. R. Parham,* for appellant.

MEHAFFY, J. This suit was begun in the Saline Circuit Court, plaintiff alleging that T. A. Rosamond and Taylor Rosamond, Jr., were indebted to him for material in the sum of $1,002.59, for which it asked judgment, and it also prayed judgment against the Continental Casualty Company for $209.08 and against the American Surety Company for $793.59, alleging that T. A. Rosamond and Taylor Rosamond had entered into a contract to do certain work, and that the two surety companies were sureties on his bonds. Plaintiff also filed allegations and interrogatories and bonds for gar-

nishment, and writs of garnishment were issued and served on the garnishees, W. P. George, George Hughes, trustee, and Dr. J. B. Shaw.

The defendants, T. A. Rosamond and Taylor Rosamond, filed a forthcoming bond, and all of the defendants filed answer, denying the allegations of plaintiff's complaint. Thereafter the defendants filed motion to dismiss for want of jurisdiction, alleging that the suit was based on an alleged breach of contract on the part of the defendants, T. A. Rosamond and Taylor Rosamond, the said contract having been entered into by and between them and the United States of America, for certain improvements to be made on the United States Reservation at Hot Springs, Arkansas. That, under and pursuant to the provisions of § 6923 of the United States Compiled Statutes, 1916 (40 U. S. C. A., § 270.), relating to the bonds of contractors who enter into a formal contract with the United States for the construction of any public building or the prosecution and completion of any public work, the contractors are required to execute a bond with good and sufficient sureties, with the additional obligation that such contractors shall promptly make payments to all persons supplying them with labor or material in the prosecution of the work. That the said statute further provides that any person who has furnished labor or material used in the construction or repair of any public work, where payment has not been made, shall have the right to intervene and be made a party to any action instituted by the United States on the bond of the contractor. They allege that the act further provided that suit should be brought in the district court in which said contract was to be performed, irrespective of the amount in controversy, and not elsewhere.

Defendants alleged that suit had already been instituted in the United States District Court for the benefit of the Arkansas Foundry Company, and that said suit was then pending; that under the statute only one suit can be maintained on said bond, and this suit must be

in the United States District Court. They therefore alleged that the plaintiffs had no right to bring this action, but that any suit growing out of the breach of said contract and said bond must be brought in the name of the United States, and that neither the Saline Chancery Court nor the Saline Circuit Court had any jurisdiction; that their only remedy was to file an intervention and be made a party in the United States District Court.

The plaintiffs moved to dismiss as to the Continental Casualty Company but not as to the American Surety Company. The court thereupon dismissed the cause as to all the defendants for want of jurisdiction, and from this judgment of the court dismissing the cause this appeal is prosecuted.

The only question for the consideration of this court is whether the court erred in dismissing as to all the defendants.

No suit against the sureties on this bond could be brought in any court other than the United States District Court, and only one suit could be brought there; and, when it is begun, the statute provides that all other claimants may intervene. 40 U. S. Code Annotated, § 270; *Miller* v. *American Bonding Co.*, 275 U. S. 304;. *United States ex rel. Texas Portland Cement Co.* v. *McCord*, 233 U. S. 157, 42 S. Ct. 98; *Ill. Surety Co.* v. *United States*, 240 U. S. 214, 36 S. Ct. 321; *United States* v. *Congress Construction Co.*, 222 U. S. 199, 32 S. Ct. 44.

Since no suit could be brought against the sureties on the bond in any court other than the United States District Court, the State court had no jurisdiction as to the surety companies in suit on the bond, and it was therefore the duty of the court to dismiss as to sureties on the bond. However, plaintiff's complaint states a complete cause of action against the defendants T. A. Rosamond and Taylor Rosamond, without reference to the bond or the sureties. It alleges that these defendants are indebted to it in the sum of $1,002.59, and prays judgment against them for that amount. The court

therefore erred in dismissing the cause as to the defendants T. A. Rosamond and Taylor Rosamond.

Our statute provides: "The court may, at any time, in furtherance of justice, and on such terms as may be proper, amend any pleadings or proceedings by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case; or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved." Section 1239, Crawford & Moses' Digest.

Under this section the court could have struck out the name of the sureties, and this it should have done. One of the grounds of demurrer mentioned in our statute is "that the court has no jurisdiction of the person of the defendant or the subject of the action." Section 1189, Crawford & Moses' Digest.

"When objection is taken to the jurisdiction of the court as to some of the parties, and they are not indispensable parties, that is, their interests are severable, and a decree without prejudice to their rights can be made, the jurisdiction of the court should be retained and the suit dismissed as to them. Though there may be misjoinder of parties defendant in equity, a defendant against whom there is a sufficient complaint cannot object that others who have no interest in the subject-matter of the suit are made defendants, unless it also appears that his interests are affected thereby." 20 R. C. L. 709.

"Persons severally liable on the same contract, including parties to bills of exchange, promissory notes, common orders and checks and sureties on the same, or separate instruments, may all, or any of them, or the representatives of such as may have died, be included in the same action, at the plaintiff's option." Crawford & Moses' Digest, 1099.

A suit even on the bond in this case might be against the principals or the sureties, any one of them,

or all of them, the obligation under our statute being joint and several; but, as we have said, the cause of action stated in the complaint against the defendants, the contractors, is not a suit on the bond, but is a suit that the plaintiff had a right to maintain without reference to the bond. A person might sell material to a contractor who was doing work under several contracts, some of which might be with the United States Government and others with private individuals. Material might be sold to him, relying on him alone, and without even knowing whether there was a bond of any kind given. The Federal statute referred to does not undertake to regulate suits between seller and purchaser, except to regulate suits brought against the sureties on the bond given in pursuance to such statute.

"Although a contrary rule prevails in some jurisdictions, the majority rule is that, in an action against several defendants on a joint and several contract, plaintiff may dismiss, discontinue, or enter a *nolle prosequi* against one or more of the defendants and proceed to judgment against the others; but the rule, it has been held, does not permit plaintiff to dismiss where the rights of the others would be so impaired that they would be placed in a worse condition than if defendant dismissed had been omitted in bringing the action." 18 C. J. 1164.

"A suit against principal and surety may be dismissed as to the principal and continued as to the surety when they are joint makers and not indorsers, where the dismissal will not prejudice the surety, or where, under the statute, the principal is not a necessary party to the suit. * * * A suit also may be dismissed as to the surety and proceeded with as to the principal, if the surety is not a necessary or proper party to the suit, or where the surety is not served with process, or, under some statutes, where there cannot be a joint recovery against both." 18 C. J. 1165-6.

In the instant case the contractor would be liable in any event if he purchased the material and did not pay

for it. Therefore a dismissal as to the sureties would not prejudice or affect his interests.

The court should have dismissed as to the sureties and proceeded to trial as to the defendants T. A. Rosamond and Taylor Rosamond. For the error indicated the decree is reversed, and the cause remanded with directions to dismiss as to the sureties on the bond and to proceed with the trial of the case against the defendants and garnishees.