ESTATE OF FRITZ: GENERAL ELECTRIC SUPPLY CORPORA-
TION, Appellant, vs. TIERNAN, Executor, Respondent.

*November 7—December 4, 1934.*

478

480

For the appellant there was a brief by *Olin & Butler,* and oral argument by *Clifford G. Mathys,* all of Madison.

For the respondent there was a brief by *Schubring, Ryan & Petersen* of Madison, and oral argument by *Arnold R. Petersen.*

ROSENBERRY, C. J.   A contention made on behalf of the executor will be first disposed of as it relates to the jurisdiction of the court.   The executor contends that the remedy provided by sec. 270, title 40, USCA, is exclusive and for that reason claimant cannot maintain its cause in the county court of Dane county.   It is considered that this contention is without merit.   Claimant does not seek to recover on the bond nor on the ground that if the surety of Fritz were compelled to pay the claim, Fritz would be liable to the bonding company.   Claimant here bases its right to recover upon what it claims to be an express promise of Fritz to pay claimant for the materials furnished by it to Fritz's subcontractor, the

Blackhawk Electric Company, a matter over which the federal courts would have no jurisdiction. The jurisdiction over such a claim is in the county court of Dane county. See *Hot Springs Concrete Co. v. Rosamond,* 178 Ark. 194, 10 S. W. (2d) 12.

Was there an unconditional definite promise by Fritz to pay claimant? On October 26, 1932, claimant wrote Fritz in regard to its account against the Blackhawk Electric Company. On October 27, 1932, Fritz acknowledged receipt of the account and advised claimant that the Blackhawk Electric Company and its attorney were endeavoring to obtain waivers from all materialmen "and as soon as this is done, we will be in a position to make settlement."

On November 25, 1932, in response to a letter written by the claimant on November 23, 1932, Fritz advised the claimant that he must protect his own interest; that the receipted bills for materials, etc., had not been furnished; and that claimant's account would be taken into consideration at the time of final settlement.

On December 3, 1932, Fritz advised claimant, in response to an inquiry, that he was placing claimant's claim on file for necessary consideration when settlement was made at which time he would insist that the claim be adjusted in a satisfactory manner. In the last letter dated January 11, 1933, Fritz complains that claimant had not sent a representative to the meeting of the creditors of the Blackhawk Electric Company; said that he felt that he should be fully protected against further claims; that he was not fully protected; that he hoped to have the records of the Blackhawk Electric Company in such shape that some definite plan of settlement could be effected, and closed the letter with the following:

"You may rest assured that your claim will be properly taken care of, as was promised your company by Mr. Fritz, some time ago."

We are unable, as was the trial court, to find anything in this correspondence which amounts to a promise to pay. The promises such as they were, were conditional and the conditions were never fulfilled. It is considered therefore that the trial court correctly found that no enforceable promise was made.

Claimant further contends that it furnished in excess of $3,000 worth of material, which went into the construction of the Forest Products Laboratory; that the federal government has paid Fritz in full in accordance with its contract; that Fritz's estate is holding in excess of $10,000 paid by the government, and which should have been paid to the Blackhawk Electric Company, $3,000 of which in turn was to be paid to claimant by the Blackhawk Electric Company; that Fritz was therefore holding money which was to be paid over to third persons, and in this situation Fritz declared in writing to the claimant that its claim would be properly taken care of and that under such circumstances a trust results by operation of law for the benefit of claimant.

In the first place, the United States did not pay Fritz for any materials; it paid him in full upon final settlement the amount due him on the performance of his contract. When the government paid Fritz the balance due him, no part of that money belonged any more to the Blackhawk Electric Company than to any other creditor of Fritz. There was no allocation of the fund. The government did not pay to Fritz any money of the Blackhawk Electric Company. The government owed the Blackhawk Electric Company nothing. Therefore we do not see how by any stretch of the imagination it can be claimed a trust resulted in favor of claimant. Any obligation which Fritz may have had either to the Blackhawk Electric Company or to claimant did not affect a change in the title to the funds in his hands which were paid to Fritz by the United States. What he had was his. What

the creditors had was not a claim upon the fund but upon him personally. By the provisions of sec. 289.02 (3), Stats., funds in the hands of a principal contractor are impressed with a trust. Claimant does not claim that this section applies in this case, and we refer to it for the purpose of pointing out that an act of the legislature is necessary to accomplish the result claimant contends follows from the facts by operation of law.

*By the Court.*—Order affirmed.