## MASSACHUSETTS BONDING & INS. CO. v. ROBERT E. DENIKE, Inc.

### No. 6197.

Circuit Court of Appeals, Third Circuit.

Oct. 2, 1937.

Herbert J. Hannoch · and Joseph L. Lippman, both of Newark, N. J. (Morris Weinstein, of Newark, N. J., of counsel), for appellant.

Herbert C. Gilson, of Summit, N. J. (McKirgan & Gilson, of Summit, N. J., on the brief), for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

This is an appeal from a judgment of the District Court holding that the appellant, hereinafter called defendant, was liable in the sum of $2,577.23 on a bond under the Heard Act (40 U.S.C.A. § 270) for labor and materials furnished by the appellee, hereinafter called plaintiff.

On May 31, 1932, the United States government entered into a contract with the Wallace Construction Company, hereinafter called the Construction Company, for the erection of a post office building in Paterson, N. J. On June 2, 1932, the defendant became surety on the bond of the Construction Company in the penal sum of $189,000. The bond was given in accordance with the provisions of the Heard Act, and was in the usual form. On July 29 following, the Construction Company entered into a contract with the plaintiff under the terms of which plaintiff agreed to install the electrical fixtures for which it was to receive $11,300 (later increased to $12,695.98). The payments were to be made in monthly installments amounting to 90 per cent. of the work then completed. The remaining 10 per cent. was to be paid 60 days after the contract was fully performed.

The Construction Company, after the work was well under way, found itself in financial difficulties, and had fallen behind in the payments due to the plaintiff under the contract. The evidence indicates that in April, 1933, the Construction Company attempted to negotiate with the plaintiff and other subcontractors for terms other than those contained in their contracts. The plaintiff declined to accept any change in the terms. The Construction Company, having received financial assistance from the defendant, gave the plaintiff a 3 days' notice to proceed with the work, but did not pay the amount then due plaintiff, or indicate any intention to do so. The plaintiff refused to proceed, and instituted suit in the Supreme Court of New Jersey against

the Construction Company to recover the money for that part of the contract which it had already performed.

The Construction Company defended the suit on the ground that the plaintiff had breached the contract, and was, therefore, not entitled to recover. It also filed a counterclaim for the expenses it had incurred in completing the work which the plaintiff had contracted to do.

The state court found that the plaintiff was justified in refusing to continue with the work; disallowed the counterclaim, except for a relatively small item of damage sustained by the Construction Company in repairing defective work; and entered judgment against the Construction Company for $2,577.23 in damages, and $220.-36 in interest from April 26, 1933, and $225.21 in costs.

Mr. Alva O. Greist, defendant's mechanical engineer, was present at the trial before the state court. According to his affidavit filed herein, he was there under orders of his employer. Though he alleges that he "did not participate in or in any way direct the manner or method of trial at that action," he went on to say that: "I did tell the attorney for Wallace Construction Company that I would try to arrange to have certain witnesses which he said he wished to have, * *. * come over to act as witnesses for Wallace Construction at the trial, and I did go out and telephone to them and did the best I could to get them to come over as witnesses."

The post office was accepted by the government in January, 1934, and on August 6, 1934, the United States brought a suit in the United States District Court for the use of Igoe Brothers, Inc. demanding judgment against the Construction Company and the defendant herein, as surety, for materials delivered to the Construction Company and used in the erection of the post office building. The plaintiff and numerous other creditors, with the permission of the court, intervened and filed their claims in accordance with the provisions of the Heard Act, but the only claim involved in this appeal is that of the plaintiff, who had obtained a judgment in the New Jersey Supreme Court.

The defendant filed an answer and counterclaim substantially the same as those filed by the Construction Company in the proceedings in the state court. The plaintiff moved to strike the answer and counterclaim.

The case was referred to Hon. Charles F. Lynch, as referee, who found that the evidence indicates "that the surety had knowledge of the law action (in the state court) and participated in the defense thereof," and reported that the plaintiff was entitled to $2,577.23, with interest from April 26, 1933, which is the amount of the judgment in the state court, less the costs there incurred. Exceptions were filed to that report, but the court dismissed them and entered judgment for the plaintiff, and the defendant appealed to this court.

■ In general, a judgment against the principal is prima facie evidence against the surety, and "if the surety participates in the action against his principal, he is concluded as to the issues therein decided against his principal." 50 Corpus Juris, p. 199; Moses v. United States, 166 U.S. 571, 17 S.Ct. 682, 41 L.Ed. 1119; Burley v. Compagnie De Navigation Francaise (C. C.A.) 194 F. 335; Strathleven Steamship Co. v. Baulch, 244 F. 412 (C.C.A.4); Imperial Refining Co. v. Kanotex Refining Co., 29 F.(2d) 193, 200 (C.C.A.8).

■ While the question of what constitutes participation has not been clearly defined by the courts, we think the activity of the defendant at the proceedings in the state court, through its accredited agent, Alva O. Greist, justified the finding of the referee that the defendant had participated in that suit, and that it is bound by the judgment there obtained.

■ The defendant, however, contends that the plaintiff made an election of remedies when it sued the Construction Company in the state court, and that it, therefore, cannot recover in this suit under the Heard Act, because that act provides that "only one action shall be brought," and that "one action" was brought in the state court.

The Heard Act gives those who have furnished labor and materials used in the construction of any public work and who have not been paid therefor the right to intervene and be made parties to any action instituted by the United States "on the bond." It also gives them the right to institute suit against the contractor and sureties in the name of the United States to their use, if the United States has not already brought suit, and, "where suit is so instituted by a creditor or by creditors, only one action shall be brought." This provision refers only to an action brought "on

the bond" and not to some other suit not based on the bond directly. The suit in the state court was not brought on the bond given by the contractor and its surety, and so the Heard Act does not apply to that suit. It follows that the judgment entered in the District Court is valid, and it is affirmed.