VOELZ, Receiver, Respondent, vs. MILGRAM CONTRACTING COMPANY, Appellant.*

*February 9—March 6, 1956.*

For the appellant there were briefs by *Brennan, Brennan & Brennan* of Milwaukee, and oral argument by *Martin J. Brennan*.

For the respondent there was a brief by *Leo J. Landry*, attorney, and *Quarles, Spence & Quarles* of counsel, all of Milwaukee, and oral argument by *Mr. Landry*.

BROWN, J. For convenience plaintiff will be referred to herein as "Lang" and the defendant as "Milgram."

Milgram was the general contractor to repair and renovate the federal building in Milwaukee. As such he complied with 40 USCA, sec. 270a (a) (2), and furnished what is known as a payment bond with a surety "for the protection of all persons supplying labor and material in the prosecution of the work provided for in said contract for the use of each such person." Lang had a subcontract with Milgram to do a part of the work which Milgram, in its general contract, had agreed to do, and in performance thereof Lang furnished labor and material as contemplated by sec. 270a (a) (2), *supra*. Milgram failed to pay Lang and Lang brought the present action on its subcontract directly against Milgram in the circuit court for Milwaukee county, to recover payments alleged to be due. Lang's action was not on the bond or against the surety. At the opening of the trial Milgram objected to the jurisdiction of the court, relying on 40 USCA, sec. 270b (a) and (b), reading as follows:

"(a) Every person who has furnished labor or material . . . shall have the right to sue on such payment bond. . . .

"(b) Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States district court for any district in which the contract was to be performed and executed and not elsewhere, irrespective of the amount in contro-

versy in such suit, but no such suit shall be commenced after the expiration of one year after the date of final settlement of such contract. . . ."

The objection to the jurisdiction was overruled and at the conclusion of the trial the court entered judgment for Lang. Milgram has appealed from the judgment and from a subsequent order denying its motion to vacate the judgment. There is no bill of exceptions. Appellant's only contention here is that 40 USCA, secs. 270a and 270b, places jurisdiction of actions brought against general contractors by subcontractors to recover payment for work done on federal buildings exclusively in the United States district court of the area in which the work was done.

The language of the statute on which Milgram relies describes suits on the payment bond. This is not such a suit but, on the contrary, is one directly against the contractor on its contract with the plaintiff, precisely as though no payment bond had ever been given. The statute certainly does not appear to deal with such actions nor to oust state courts from jurisdiction over suits between general and subcontractors not involving the bond. Nor have the United States courts asserted the exclusive jurisdiction which appellant claims for them. *Massachusetts Bonding & Ins. Co. v. Denike, Inc.* (1937), 92 Fed. (2d) 657, 658, was very like the present case in its material facts and the United States court of appeals, ruling on the question of the state court's jurisdiction, held that 40 USCA, sec. 270, ". . . refers only to an action brought 'on the bond' and not to some other suit not based on the bond directly. The suit in the state court was not brought on the bond given by the contractor and its surety, and so the Heard Act [40 USCA, sec. 270] does not apply to that suit."

Milgram points out that in 1937 40 USCA, sec. 270, was known as the Heard Act and it has since been amended and is now known as the Miller Act, wherefore the *Massachusetts*

*Bonding & Ins. Co.* decision is obsolete. No material change in the statute, as amended, which would change the effect of the portion which we are now considering, has been called to our attention. Moreover, in *Western Casualty & Surety Co. v. Biggs* (1954), 217 Fed. (2d) 163, the court of appeals had occasion to construe 40 USCA, secs. 270a *et seq*. There the surety sued the principal obligor and brought the suit in a district other than that where the building was situated. The defendant contended that the Miller Act required the action to be brought in the latter district. In holding contra, the court said (p. 165):

"The surety in this case could not have brought an action under the Miller Act. *The statute provides only for an action on the surety bond by one who has furnished labor or material and has not been paid.* There is no provision for a suit by the surety. 40 USCA, sec. 270b (a)." (Italics ours.)

In other words the statute has no application when a contractor is not suing on the bond. Appellant's citations are to cases where the suit was on the bond, and are not in point in the present action. As this action is not on the bond, 40 USCA, sec. 270a, is not involved. Its directions concerning the court and the place of trial do not apply to this controversy. Those questions are to be determined in accordance with the usual procedure in the state court. We conclude that the action was properly brought in the circuit court for Milwaukee county.

*By the Court.*—Judgment and order affirmed.