[Civ. No. 10039.   Third Dist.   Nov. 10, 1960.]

UKROPINA-POLICH-KRAL and W. H. DARROUGH AND SONS (a Joint Venture) et al., Petitioners, v. THE SUPERIOR COURT OF BUTTE COUNTY, Respondent; JAMES F. SEGER, Real Party in Interest.

Malone, Dennis, Schottky & Pearl for Petitioners.

No appearance for Respondent.

Francis R. Crable for Real Party in Interest.

PEEK, J.—By prohibition, petitioners seek to prevent the Superior Court of Butte County from taking further proceedings in a civil action brought by the real party in interest, respondent Seger, against the defendants Ukropina-Polich-Kral and W. H. Darrough & Sons, a joint venture, and Maryland Casualty Company, its surety, the petitioners herein. The facts, as disclosed by the petition, indicate that the

joint venture entered into a contract with the United States government to perform certain reclamation work in Butte County. As required by title 40 U.S.C.A., § 270a et seq. (formerly known as the Heard Act, but now known as the Miller Act), a payment bond was issued by the petitioner Maryland Casualty Company, for the protection of all persons furnishing work, labor, or materials to the joint venture.

Thereafter, Seger entered into a contract with the joint venture by the terms of which Seger agreed to perform a certain portion of the work. As his work progressed, Seger was compelled to alter his plans and work schedules, which he alleged increased his costs, thereby entitling him to an additional sum. He thereafter presented a claim to the joint venture. Only a small amount of his claim was paid and this suit followed. The complaint, which is in three counts, seeks a money judgment against the joint venture and against the Maryland Casualty Company as a proper charge against its payment bond.

The joint venture and Maryland Casualty Company then moved to dismiss the complaint on the ground that it came within the provisions of 40 U.S.C.A., section 270b and hence, was within the exclusive jurisdiction of the United States District Court. The trial court denied the motion and this petition for a writ of prohibition follows.

The pertinent portion of section 270b provides:

"(a) Every person who has furnished labor or material . . . in respect of which a payment bond is furnished . . . and who has not been paid in full . . . shall have the right to sue on such payment bond for the amount, or the balance thereof, . . .

"(b) Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere, . . ."

Here, as in the trial court, petitioners contend that said statutory provision, and particularly subsection (b), vests exclusive jurisdiction in the United States District Courts in actions on contracts or payment bonds.

Although various federal courts and some state courts have been called upon to determine questions arising under the provisions of said act, this proceeding raises the question for the first time in this state. However, two of the state decisions cited and relied upon by Seger appear to be directly in point on the question now before this court.

In the first case, *Hot Springs Concrete Co.* v. *Rosamond,* 178 Ark. 194 [10 S.W.2d 12], plaintiff, a materialman, instituted an action against certain contractors and the sureties on their bonds. The defendants moved to dismiss the action for lack of jurisdiction in the state court and contended, as do defendants herein, that under the provisions of said act the United States District Court was the only court with jurisdiction to hear the case. The trial court dismissed the action as to all defendants. On appeal, the reviewing court reversed the judgment as to the contractors, but sustained it as to the sureties, holding that:

"Since no suit could be brought against the sureties on the bond in any court other than the United States District Court, the state court had no jurisdiction as to the surety companies in suit on the bond, and it was therefore the duty of the court to dismiss as to sureties on the bond. However, plaintiff's complaint states a complete cause of action against the defendants T. A. Rosamond and Taylor Rosamond, without reference to the bond or the sureties. It alleges that these defendants are indebted to it in the sum of $1,002.59, and prays judgment against them for that amount. The court therefore erred in dismissing the cause as to the defendants T. A. Rosamond and Taylor Rosamond."

In the second case, *Voelz* v. *Milgram Contracting Co.*, 272 Wis. 366 [75 N.W.2d 305], the plaintiff, a subcontractor, sued only the general contractor. The trial court entered judgment in favor of the plaintiff and the defendant appealed. The Wisconsin Supreme Court held that:

"The language of the statute on which Milgram relies describes suits on the payment bond. This is not such a suit but, on the contrary, is one directly against the contractor on its contract with the plaintiff, precisely as though no payment bond had ever been given. The statute certainly does not appear to deal with such actions nor to oust state courts from jurisdiction over suits between general and subcontractors not involving the bond. Nor have the United States courts asserted the exclusive jurisdiction which appellant claims for them. *Massachusetts Bonding & Insurance Co.* v. *Robert E. Denike, Inc.* (3 Cir., 1937), 92 F.2d 657, 658, was very like the present case in its material facts and the U. S. Court of Appeals, ruling on the question of the state court's jurisdiction, held that Title 40 U.S.C.A., Sec. 270 '. . . refers only to an action brought "on the bond" and not to some other suit not based on the bond directly. The suit in the state court was not brought on

the bond given by the contractor and its surety, and so the Heard Act [the predecessor act] [40 U.S.C.A., § 270] does not apply to that suit. ...' ''

The Wisconsin court also relied upon and quoted with approval from *Western Casualty & Surety Co.* v. *Biggs* (7 Cir., 1954), 217 F.2d 163, 165, wherein the court held that:

''... the statute has no application when a contractor is not suing on the bond. Appellant's citations are to cases where the suit was on the bond, and are not in point in the present action. As this action is not on the bond, 40 U.S.C.A., Sec. 270 is not involved. Its directions concerning the court and the place of trial do not apply to this controversy. Those questions are to be determined in accordance with the usual procedure in the state court. We conclude that the action was properly brought in the circuit court for Milwaukee county.''

It therefore appears that if the act in question only refers to actions on the bond, then it necessarily follows that the trial court in the present proceeding improperly denied petitioners' motion to dismiss the action as to defendant Maryland Casualty Company, but not as to the defendant joint venture.

Let a peremptory writ issue as to Maryland Casualty Company. As to the joint venture, Ukropina-Polich-Kral and W. H. Darrough & Sons, the writ is denied.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

Petitioners' application for a hearing by the Supreme Court was denied January 4, 1961.

*Assigned by Chairman of Judicial Council.