SAMUEL, Judge.
Plaintiff, a Texas corporation doing business in the State of Louisiana, filed this suit in the Civil District Court for the Parish of Orleans for the purchase price of certain materials. The defendants are Caltoman Contractors, Inc. and Consulting & Trading Company, Inc., both Louisiana corporations doing business in the Parish of Orleans, and Trinity Universal Insurance Company of Dallas, Texas, a Texas corporation also doing business in this state.
The petition and annexed documents allege and purport to show that plaintiff sold to two of the defendants, Caltoman and Consulting, various items of creosoted pine 'lumber for a total price of $5,688.48, -which lumber was delivered to those defendants at Eglin Air Force Base, Fort "Walton, Florida. The petition further alleges that no payment has been made on •the purchase price and that Trinity was the surety on a bond or bonds which guaranteed payment for the materials. The prayer is for judgment against the three defendants, •in solido, in the full amount of $5,688.48.
Consulting & Trading Company has not •made an appearance. Caltoman Contractors and Trinity Universal Insurance Company filed an exception to the jurisdiction of the civil district court. There was judgment in that court maintaining the exception and dismissing the suit as to the two ■ exceptors. Plaintiff has appealed there:from.
The exception is based solely upon the contention that the suit involves a contract for public work of the United States, is therefore governed by the Miller Act, and under that act this action is within the exclusive jurisdiction of the United States District Court for the district in the State of Florida in which Eglin Air Force Base is located. Plaintiff concedes that the creosoted pine lumber was furnished in connection with a contract for public work and that the contract does come within the provisions of the Miller Act.
The Miller Act (Title 40 U.S.C.A. § 270a et seq.) was formerly known as the Heard Act. Section 270a thereof provides that, before any contract, exceeding $2,000.00 in amount, for the construction, alteration or repair of any public building or public work of the United States is awarded to any party, such party shall furnish a performance bond for the protection of the United States and a payment bond for the protection of all persons supplying labor and material in the prosecution of the work provided for in the contract.
The pertinent portions of Section 270b provide:
“(a) Every person who has furnished labor or material in the prosecution of the work provided for in such contract, in respect of which a payment bond is furnished under section 270a of this title and who has not been paid in full therefor * * * shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit * * *.
“(b) Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere, irrespective of the amount in controversy in such suit, * * (Emphasis added).
*312 Section 270b is quite clear. The first paragraph, (a), gives a furnisher of labor or material the right to sue on the payment bond, a right which he would otherwise not have as a result of the doctrine of governmental immunity and the fact that no lien may be recorded or enforced against government property. The second paragraph, (b), restricts the exercise of the right to sue on the payment bond to an action in the United States District Court for the district in which the contract was to be performed and executed. The restriction applies only to a suit instituted under Section 270b and can refer only to a suit on the payment bond by a furnisher of labor or material. The section mentions no other suit.
The jurisprudence is to the effect that the jurisdictional restriction in section 270b refers only to an action brought on the payment bond and not to some other suit not based directly on that bond. Ukropina-Polich-Kral v. Superior Court, 186 Cal.App.2d 299, 8 Cal.Rptr. 692; Voelz v. Milgram Contracting Co., 272 Wis. 366, 75 N.W.2d 305; Western Casualty and Surety Co. v. Biggs, 7 Cir., 217 F.2d 163; Massachusetts Bonding & Ins. Co. v. Robert E. Denike, Inc., 3 Cir., 92 F.2d 657; Landis & Young v. Gossett & Winn, La.App., 169 So. 178; In re Fritz’ Estate, 216 Wis. 477, 257 N.W. 667; Hot Springs Concrete Co. v. Rosamond, 178 Ark. 194, 10 S.W.2d 12, 13.
In the instant case that portion of the trial court judgment which maintained the exception to the jurisdiction and dismissed the suit as to Trinity Universal Insurance Company of Dallas, Texas is correct. As the surety on the payment bond Trinity could be sued only in the proper Federal District Court as provided by Section 270b. However, the petition alleges a cause of action against Caltoman Contractors, Inc. without reference to the payment bond. Under the allegations that corporation is liable in any event for the materials which it purchased from the plaintiff and for which it failed to pay. The suit against Caltoman not being on the payment bond the Civil District Court for the Parish of Orleans does have jurisdiction as to that defendant.
For the reasons assigned, the judgment appealed from is reversed only insofar as it maintains the exception to the jurisdiction, and dismisses the suit, as to the defendant, Caltoman Contractors, Inc. and the case is remanded to the Civil District Court for the Parish of Orleans for further proceedings against that defendant according to law. In all other respects the judgment appealed from is affirmed; all costs as between the plaintiff and Caltoman Contractors, Inc. to await final determination.
Affirmed in part; reversed and remanded in part.