292 So.2d 806 (1974)
GENERAL EQUIPMENT, INC.
v.
UNITED STATES FIDELITY AND GUARANTY INSURANCE COMPANY.
No. 9748.
Court of Appeal of Louisiana, First Circuit.
March 18, 1974.
*807 Lawrence Roe Dodd, Baton Rouge, for appellant.
W. Henson Moore, Baton Rouge, for appellee.
Before LOTTINGER, BLANCHE and de la HOUSSAYE, JJ.
BLANCHE, Judge.
The plaintiff, General Equipment, Inc., appeals the judgment of the trial court sustaining a declinatory exception of lack of jurisdiction filed by defendant, United States Fidelity and Guaranty Company, surety for Dominic C. Rodosta. The evidence and stipulations of counsel show that Rodosta contracted with an agency of the Federal Government, the Department of Army, Corps of Engineers, to do certain work on the West Atchafalaya Basin Protection Levee; that plaintiff allegedly sold Rodosta certain equipment for use by Rodosta on the contract, and, therefore, plaintiff's claim arose out of equipment furnished in connection with the said contract; and that defendant was surety for Rodosta by virtue of a performance and payment bond issued by it in connection with the contract.
A suit against a surety on a performance and payment bond furnished to secure a Federal construction contract must be brought in the United States District Court. 40 U.S.C.A. § 270b(b); United States v. Sovereign Construction Company, D.C., 311 F.Supp. 371 (1970); and American Creosote Works v. Caltoman Contractors, 160 So.2d 310 (La.App. 4th Cir. 1964).
Plaintiff has no quarrel with the foregoing legal proposition but states that it is inapplicable to the present case since its suit is not against the defendant as surety on its surety contract with the Federal Government but against the surety independently of the surety contract, because defendant promised in writing to pay the debt of another (Rodosta). This contention has no merit.
The writing to which plaintiff refers is the letter written by one of defendant's employees to plaintiff's attorney, which in itself belies such an assertion. The letter states:
"Please be advised that your client's bill will be taken care of by Mr. Rodosta or by U. S. F. & G. as surety." (Exhibit P-1)
Furthermore, plaintiff entitled his petition as a "Petition on Surety Contract," and though the title or caption on a petition does not always accurately state the nature of the pleading, this one does. Paragraph 6 of that petition states:
"Defendant, United States Fidelity and Guaranty Insurance Company was the surety bond for the contractor, Dominic C. Rodosta, on the above described construction job, and thus is liable for the payment of Dominic C. Rodosta's debts incurred in connection therewith." (Plaintiff's Petition, Record, pp. 2, 3)
The trial judge was apparently convinced that plaintiff pursued defendant as surety on the contract. When the trial judge asked plaintiff's counsel during the course of his testimony at the trial of the exception on what basis he pursued USF&G, counsel replied, "They were the bonding company * * *."
We believe it is clear, not only from the pleadings and the letter referred to above but also from the testimony of plaintiff's counsel, that the sole basis of the suit and claim against defendant was on the ground that the defendant was surety under the performance and payment bond and not under any new or additional *808 contract of guaranty as a special agreement.
For the above reasons, the judgment of the trial court is affirmed, at the cost of plaintiff-appellant.
Affirmed.