560 So.2d 465 (1990)
BERNARD LUMBER COMPANY, INC.
v.
LANIER-GERVAIS CORPORATION, Lanier O. Juneau, and the Louisiana Guaranty Association Fund.
No. CA 89 0196.
Court of Appeal of Louisiana, First Circuit.
April 10, 1990.
Diana L. Rachal, New Orleans, for plaintiff-appellant.
*466 Jay Kern/Tracy Bishop, New Orleans, for defendant-appellee La. Guar. Ass'n Fund.
John I. Hulse, IV, New Orleans, for defendant-appellee Lanier O. Juneau.
Before CARTER, SAVOIE and ALFORD, JJ.
ALFORD, Judge.
The plaintiff, Bernard Lumber Company, Inc. (Bernard), appeals the judgment rendered in favor of the defendant, Louisiana Insurance Guaranty Association (LIGA), granting LIGA's exception urging lack of subject matter jurisdiction and dismissing Bernard's suit against LIGA with prejudice.

BACKGROUND
The defendant, Lanier-Gervais Corporation (Lanier), as general contractor, entered into a contract with the United States Navy, as owner, for the construction of certain immovable improvements at Alvin Callendar Naval Base in Belle Chasse, Louisiana. In connection with this contract, Lanier, as principal, and Integrity Insurance Company (Integrity), as surety, executed a payment bond in favor of the United States as required under 40 U.S.C. § 270a, et seq. (the Miller Act).
Representatives of both Lanier and Integrity signed in their respective capacities on a standard form provided by the government for use when a payment bond is required under the Miller Act for the protection of persons supplying labor and material. Thereafter, Bernard allegedly supplied Lanier with $14,910.90 worth of supplies and materials which were used on the Belle Chasse project in the fall of 1986, but were not paid for. In the spring of 1987, Integrity became an insolvent insurer and was placed in liquidation in New Jersey.
After making demands for payment on Lanier and on LIGA as the party responsible for the insolvent surety, Bernard filed the instant suit against both Lanier, Lanier O. Juneau, and LIGA on October 1, 1987. LIGA filed an exception urging the district court's lack of subject matter jurisdiction against LIGA. LIGA contended that the Miller Act required that all suits against sureties on bonds executed in compliance with the Miller Act must be filed in federal district court and that since LIGA had stepped into the shoes of the insolvent surety in accordance with state law, the suit against LIGA had to be filed in federal district court. The trial court agreed with LIGA's contentions and dismissed the suit against LIGA, with prejudice and at plaintiff's cost. Bernard then perfected this devolutive appeal, alleging that the trial court erred in determining that the Miller Act was the exclusive remedy available to Bernard against LIGA.

DISCUSSION
It is well settled jurisprudentially that the rights created by the Miller Act are federal in nature and scope. F.D. Rich Co., Inc. v. United States for the Use of Industrial Lumber Co., Inc., 417 U.S. 116, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974); United States for Use and Benefit of Harvey Gulf International Marine, Inc. v. Maryland Casualty Company, 573 F.2d 245 (5th Cir.1978). Federal district courts have exclusive jurisdiction over suits against sureties on payment bonds under the Miller Act. 40 U.S.C. § 270a(a), 270b(b);[1]United *467 States Fidelity and Guaranty Company v. Hendry Corporation, 391 F.2d 13 (5th Cir.1968), cert. denied, 393 U.S. 978, 89 S.Ct. 446, 21 L.Ed.2d 439 (1968); Koppers Company v. Continental Casualty Company, 337 F.2d 499 (8th Cir.1964); General Equipment, Inc. v. United States Fidelity and Guaranty Insurance Company, 292 So.2d 806 (La.App. 1st Cir.1974); American Creosote Works, Inc. v. Caltoman Contractors, Inc., 160 So.2d 310 (La.App. 4th Cir.1964).
It is equally well settled that LIGA became obligated under the Insurance Guaranty Association Act for claims asserted against Integrity's Miller Act bond after Integrity became an insolvent insurer and was placed in liquidation on March 24, 1987. La.R.S. 22:1375 et seq. Under La. R.S. 22:1382(1)(b), LIGA shall be deemed the insurer and shall have all "rights, duties and obligations of the insolvent insurer as if the insurer had not been insolvent." Thus, in effect, LIGA steps into Integrity's shoes as the surety on the Miller Act bond.
Bernard claims that LIGA is obligated to Bernard independently of a Miller Act claim. However, it is apparent that, even though Bernard did not request relief under the Miller Act, the only basis for assertion of a claim against LIGA is on Integrity's payment bond executed on a form which specifically makes reference to the Miller Act. Bernard's petition clearly sets forth the three substantive elements of a Miller Act claim: the supplier supplied materials, the supplier was not paid and the supplier intended the materials to be used on the Navy's project. The substantive allegations of the petition, not references to the Miller Act, determine whether the petition sets forth a claim under the Miller Act. United States for the Use and Benefit of Canion v. Randall & Blake, 817 F.2d 1188 (5th Cir.1987).
While the Miller Act is not the exclusive remedy available to suppliers in some cases, it is the exclusive remedy available to a supplier against a surety (or the surety's guarantor in this case) on a Miller Act payment bond. General Equipment, 292 So.2d at 807; American Creosote, 160 So.2d at 312.
We note that the trial court dismissed Bernard's suit with prejudice. Dismissal with prejudice serves as an absolute dismissal of plaintiff's case and precludes plaintiff from filing another suit on the same cause of action. La.C.C.P. art. 1673. A dismissal with prejudice is patently incorrect when the plaintiff has erred solely by filing his suit in a court which does not have subject matter jurisdiction. An appellate court shall render any judgment which is just, legal and proper upon the record on appeal. La.C.C.P. art. 2164. Therefore, we amend the trial court's judgment to read "without prejudice."

CONCLUSION
For the foregoing reasons, we amend the judgment of the trial court in part to read "without prejudice." We affirm the judgment in all other respects. Costs of this appeal are to be borne by Bernard.
AMENDED IN PART AND AS AMENDED, AFFIRMED.
NOTES
[1] 40 U.S.C. § 270a(a) provides, in pertinent part:

Before any contract, exceeding $25,000 in amount, for the construction, alteration, or repair of any public building or public work of the United States is awarded to any person, such person shall furnish to the United States the following bonds, which shall become binding upon the award of the contract to such person, who is hereinafter designated as "contractor":
. . . .
(2) A payment bond with a surety or sureties satisfactory to such officer for the protection of all persons supplying labor and material in the prosecution of the work provided for in said contract for the use of each such person....
40 U.S.C. § 270b(b) provides:
(b) Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere, irrespective of the amount in controversy in such suit, but no such suit shall be commenced after the expiration of one year after the day on which the last of the labor was performed or material was supplied by him. The United States shall not be liable for the payment of any costs or expenses of any such suit.